IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

RUSSELL SCOTT AVERY;
DANIELLE MARTHIA (FAUQUE)
AVERY,

                Plaintiffs,

    vs.

STATE OF MONTANA; LEWIS
AND CLARK COUNTY; LEWIS
AND CLARK COUNTY
DETENTION CENTER; CITY OF
HELENA; JOHN DOES 1–12,

                Defendants.

Cause No. CV 21-34-M-DWM


ORDER

On March 29, 2021, Plaintiff Russell Scott Avery moved to proceed in

forma pauperis with this action alleging violations of his and his wife's civil rights.

On June 17, 2021, both Avery and his wife, Danielle Marthia Fauque Avery

("Fauque"), asked the Court to dismiss the case, excepting their request that

Fauque be transferred from the Gallatin County Detention Center to the Lewis and

Clark County Detention Center. *See* Request (Doc. 8) at 1.

# I.  Motion to Proceed In Forma Pauperis

Avery adequately demonstrates that he is not able to pay the filing fee.  *See* Mot. (Doc. 1); Certificate of Funds (Doc. 1-1).  His motion to proceed in forma pauperis will be granted.  *See* 28 U.S.C. § 1915(a)(1).

Because Avery is a prisoner, he must pay the $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each month's deposits into the account, provided his balance is at least $10.00.  The Court will waive the initial partial filing fee, because it is not clear Avery could pay it.  The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court.  *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

Fauque did not move to proceed in forma pauperis or pay the filing fee.

# II.  Avery

The Court will dismiss the claims Avery makes on his own behalf as he has withdrawn them.  *See* Mot. (Doc. 8) at 1.

For two reasons, Avery may not assert violations of Fauque's rights.  Avery claims he holds "general power of attorney" over Fauque, "just for this matter."  Mot. for Transfer (Doc. 5) at 1.  But he provides no reason to suppose Fauque is unable to assert her own legal rights.  *See, e.g.*, *Kowalski v. Tesmer*, 543 U.S. 125,

131–32 (2004); *Singleton v. Wulff*, 428 U.S. 106, 115–16 (1976); *McCollum v. California Dep't of Corrs. and Rehabilitation*, 647 F.3d 870, 879–80 (9th Cir. 2011).

Further, a power of attorney authorizes one person to act for another as an agent acts for a principal. *See, e.g.*, Mont. Code Ann. § 72-31-302(1), (7). The holder of a power of attorney is sometimes called an "attorney in fact," as opposed to an attorney at law. Avery is not an attorney at law admitted to the Bar of this Court. Therefore, he can act only for himself. *See* D. Mont. L.R. 83.8(a) (Dec. 1, 2019).

Avery's claims on his own behalf are dismissed as withdrawn.

### III. Fauque

Fauque has not paid the filing fee or moved to proceed in forma pauperis. In addition, it appears she did not sign the complaint. *Compare* Compl. (Doc. 2) at 6; Mot. to Proceed (Doc. 1) at 2 *with* Notice of Change of Address (Doc. 6) at 1.

Fauque apparently did sign the latest motion seeking her transfer to Lewis and Clark County. The Court will liberally construe that document as an amended complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Rishor v. Ferguson*, 822 F.3d 482, 495 (9th Cir. 2016), and will set aside issues of joinder or severance and Fauque's responsibility for paying the filing fee.

3

Fauque's motion for transfer must be denied. She asserts that her placement in Gallatin County is "becoming more of a problem for her mentally being away from family and the treatment services . . . that she needs to get into." Mot. for Transfer (Doc. 8) at 1. But "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff" and must be "the least intrusive means necessary to correct the violation." 18 U.S.C. § 3626(a)(1).[1] The Court is not aware of federal law requiring States to house prisoners or detainees in facilities that best serve family unity or treatment or rehabilitation needs. As Fauque's placement in Gallatin County does not suggest she is being deprived of a federal right, the Court lacks authority to order her transfer.

A federal court lacks authority to order a state prisoner's transfer under the conditions identified here. All other claims have been withdrawn. Any appeal from this disposition would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

Accordingly, IT IS ORDERED:

1. Avery's motion to proceed in forma pauperis (Doc. 1) is GRANTED.

---

[1] It is unusual to find provisions governing civil litigation in Title 18 of the United States Code. This provision is part of the Prison Litigation Reform Act and applies to federal civil actions filed by state prisoners. *See, e.g.*, *Brown v. Plata*, 563 U.S. 493, 499–502 (2011).

The clerk shall waive payment of the initial partial filing fee. A collection order accompanies this Order.

2. The motions for transfer (Docs. 5, 8) are DENIED.

3. All claims having been denied or withdrawn, this action is DISMISSED.

4. The clerk shall enter, by separate document, a judgment of dismissal.

5. The Court CERTIFIES that any appeal from this disposition would not be taken in good faith.

DATED this __7th__ day of July, 2021.

17:32 PM

Donald W. Molloy
United States District Court